UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VALERIE WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-676** |
| **JPMORGAN CHASE BANK, ET AL.** | **SECTION "N" (3)** |

**REPORT AND RECOMMENDATION**

On Mach 25, 2014, *pro se* plaintiff Valerie Williams filed the above-captioned matter in this District Court against a number of defendants. Among them, Williams seeks to sue Judge Stephen J. Windhorst in his official and personal capacity. Williams also asserts claims under 42 U.S.C. §§ 1983 and 1985. From a review of Williams' complaint, it appears that she seeks a "declaratory judgment and injunctive relief from [a] final judgment of [the] 24th Judicial District Court for the Parish of Jefferson." In her prayer for relief, Williams seeks, *inter alia*, "injunctive relief from the state court's judgment."

On March 27, 2014, this Court ordered Williams to show cause why her complaint should not be summarily dismissed on the ground of judicial immunity and/or for lack of subject-matter jurisdiction. On May 7, 2014, Williams filed her response to this Court's show-cause order.

28 U.S.C. § 1915(e)(2)(B) allows summary dismissal, *sua sponte*, of a claim or suit should the Court determine that it is frivolous. Section 1915(e)(2)(B) provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
>
> \* \* \*

    (B) the action or appeal –
      (i) is frivolous or malicious;
      (ii) fails to state a claim on which relief may be granted; or
      (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). In plain language, Section 1915 mandates dismissal if the Court is satisfied that the case fails to state a claim upon which relief may be granted.[1]

  The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

  With regard to Judge Stephen J. Windhorst, Williams contends that he "had no authority to preside over a matter that has been resolved in the United States District Court for the District of Columbia." [Doc. #4 at p. 5]. Citing *Mays v. Sudderth*, 97 F.3d 107 (5th Cir. 1996), Williams argues that Windhorst is not entitled to absolute immunity here because he had no jurisdiction over the foreclosure proceeding initiated by the other defendants.

---

[1]  *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[2]  *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

It is well settled that judges are protected by absolute immunity for actions taken in their judicial capacity. *See In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002) (citing *Mays v. Sudderth*, 97 F.3d 107, 109-113 (5th Cir. 1996)). Essential policy considerations support this grant of absolute judicial immunity. A judge's role in the judicial system requires that he enjoy "freedom to determine the law unfettered by the threat of collateral attacks" against him personally. *Mays*, 97 F.3d at 111. "The independence of the judiciary must not be sacrificed one microscopic portion of a millimeter, lest the fears of section 1983 intrusions cow the judge from his duty." *McAlester v. Brown*, 469 F.2d 1280, 1283 (5th Cir.1972). Absolute immunity applies to judicial acts within a judge's jurisdiction in suits brought under 42 U.S.C. §§ 1983 and 1985. *Mays*, 97 F.3d at 111. Moreover, a judge does not lose immunity even if he was in error, took action maliciously, or acted in excess of his authority. *Id.* Rather, he loses immunity only if his act was not a "judicial act" or was "performed in the clear absence of jurisdiction." *Id.* The allegations in Williams' complaint challenge Judge Windhorst's actions taken in his official capacity as judge.

*Mays* provides no support for Williams' position. There, the sheriff appealed the denial of his motion for summary judgment, arguing that he should have been entitled to absolute immunity. *Id.* at 109-10. While the court discussed judicial immunity, the issue before it was not the immunity to which a judge was entitled, but the immunity to which a sheriff is entitled when executing a judge's order. *See id. Mays* is thus inapposite.

Williams contends that Windhorst had no jurisdiction over the state-court action because the "State of Louisiana participated in the National Mortgage Settlement Class Action Lawsuit in the United States District Court for the District of Columbia." [Doc. #4 at pp. 3-4]. That suit is entitled

*United States of America v. Bank of America Corporation*, Civ. A. No. 12-361 (D.D.C., filed 3-12-12). There, the United States and all 50 states filed a lawsuit against several banks and mortgage lenders for alleged deceptive mortgage practices, including premature and unlawful foreclosures. Williams maintains that she is a member of the class represented by the State of Louisiana. But there is no evidence in the record that this lawsuit forecloses or even bars prosecution of the underlying state-court action. And there is no evidence that Windhorst acted outside the scope of state-court jurisdiction. All of the actions of which Williams complains were taken in Windhorst's official capacity as judicial acts within his jurisdiction. He is thus entitled to immunity.

In addition, the Court can not provide the relief that Williams seeks. As noted, Williams seeks a "declaratory judgment and injunctive relief from [a] final judgment of [the] 24th Judicial District Court for the Parish of Jefferson." [Doc. #1 at p. 1]. The *Rooker-Feldman* doctrine bars jurisdiction in this Court because Williams essentially seeks review of a Louisiana state-court judgment in this Court.[3] That doctrine provides that this Court may not sit in review of a state-court judgment. Because that is precisely what Williams seeks, the Court finds that *Rooker-Feldman* forecloses the relief that Williams seeks in this Court.

With regard to the private parties listed as defendants (JPMorgan Chase Bank, Bank of New York Mellon, Litton Loan Service, L.P., Lela Derouen, Ocwen Loan Servicing, L.L.C., Dean Morris, L.L.P., Candace A. Courteau, Seale, Smith, Zuber & Barnette, Mark C. Garrison, and Jessica W. Chapman), the Court finds that it has no jurisdiction over Williams' claims against them.

---

[3] *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 483 (1983).

Williams asserts federal-question jurisdiction under 28 U.S.C. §1331, specifically under 12 U.S.C. § 2601, 12 U.S.C. § 5201 *et seq.* and 42 U.S.C. §§ 1983 and 1985. Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[4] To state a claim under Sections 1983 and 1985, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). There is no evidence in the record and not even an allegation that any of the private entities or individuals acted under color of state law.

In her response, Williams' only argument on this issue is that the state court deprived her of due process when it refused to allow her to appeal. Again, this implicates the *Rooker-Feldman* doctrine. This Court can not sit in judgement on the state court's actions here.

Williams argues that all defendants in the District of Columbia lawsuit "stipulated and admitted to jurisdictional authority exclusively in federal court." [Doc. #4 at pp. 4-5]. Even assuming this to be true – and there is no evidence in the record that it is – this Court has found no case law to support the proposition that a stipulation to jurisdiction in one federal court in a suit filed by the United States requires that said defendants be haled into any federal court in the nation. It is axiomatic that each lawsuit filed in federal court have an independent basis for federal jurisdiction. *See Zamora v. Bodden*, 395 Fed. Appx. 118, 119 (5th Cir. 2010). This argument does not aid

---

4   *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

Williams.

In addition, the Court finds that Williams may not assert a cause of action under 26 U.S.C. § 2601 and 12 U.S.C. § 5201 *et seq.* *See, e.g., JP Morgan Chase Bank, N.A. v. Horvath*, 862 F. Supp. 2d 744, 747-48 (S.D. Ohio 2012) (holding that Section 5201 does not provide a private cause of action). Jurisdiction thus does not exist under these statutes.

Neither is diversity jurisdiction under 28 U.S.C. § 1332 apparent from the face of his complaint. In her response to the show-cause order, Williams fails to state whether the private entities or individuals are citizens of Louisiana or citizens of another state.

Accordingly,

**IT IS RECOMMENDED** that the complaint of Valerie Williams be DISMISSED WITHOUT PREJUDICE on the grounds of judicial immunity and lack of subject-matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 19th day of August, 2014.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**